1

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                       **FOR THE DISTRICT OF ARIZONA**

8
**ERICK RIVERA,**                          **)**
9                                          **)**
               **Petitioner,**             **)**
10                                         **)**
               **v.**                      **)**     **CIV 05-1877 PHX MHM (MEA)**
11                                         **)**
**DORA SCHRIRO and**                       **)**
12 **ARIZONA ATTORNEY GENERAL,**           **)**     **REPORT AND RECOMMENDATION**
                                           **)**
13             **Respondents.**            **)**
   _____**)**

14

15 **TO THE HONORABLE MARY H. MURGUIA:**

16          On June 22, 2005, Petitioner filed a *pro se* petition

17 seeking a writ of habeas corpus pursuant to 42 U.S.C. § 2254,

18 challenging his criminal conviction by an Arizona state court.

19 Respondents filed an Answer to Petition for Writ of Habeas

20 Corpus ("Answer") on January 3, 2006.    Docket No. 9.

21 Respondents assert Petitioner's federal habeas claims were not

22 properly exhausted in the Arizona state courts and are

23 procedurally defaulted and, therefore, that the petition must be

24 denied and dismissed with prejudice.

25          **I Procedural History**

26          In November of 1996, Petitioner pled guilty to one

27 count of trafficking in stolen property and one count of theft

28 in a case docketed by the State of Arizona as CR 1996-06242.

Answer, Exh. A.  On April 4, 1997, pursuant to his conviction on those charges, Petitioner was sentenced to a term of six months incarceration and placed on a term of five years probation regarding the stolen property offense and a term of three years probation pursuant to his conviction for theft.   Id., Exh. A at 26.   The conditions of Petitioner's probation included the requirement that he not own or possess any firearm or other deadly weapon.  Id., Exh. A at 26.

On January 3, 2001 Petitioner was charged with one count of misconduct involving weapons, in a case docketed by the State of Arizona as CR 2001-00119, a charge arising from events occurring on October 1, 2000.  Id., Exh. B.  On October 1, 2000, Petitioner and his brother were apprehended by a Maricopa County law enforcement officer on state trust land next to a vehicle containing weapons in the trunk.  Id., Exh. C at 29-36, 50.   The officer testified at Petitioner's trial that, prior to exiting his law enforcement vehicle, he saw a firearm on Petitioner's person and that he believed Petitioner placed the weapon in the trunk of the car prior to the time the officer approached the two men on foot.  Id., Exh. C at 29, 32, 34, 36, 54.

Petitioner's brother testified at his trial that he and Petitioner and family members were on a picnic when the police officer approached them and that Petitioner did not know the weapons were in the car.  Id., Exh. F at 5-6.  The brother further testified the weapons did not belong to Petitioner, nor did Petitioner ever have control over or handle the guns.  Id., Exh. F at 5-6.  Petitioner's counsel argued to the jury that

there was no corroborating evidence, such as fingerprints or gun residue test results, to support the officer's statement that he saw a gun in Petitioner's possession.  Id., Exh. C.

On April 18, 2001, a jury found Petitioner guilty of weapons misconduct, i.e., being a prohibited possessor of a firearm, as charged.  Id., Exh. B.  On June 13, 2001, Petitioner was sentenced to a term of 10 years imprisonment pursuant to his conviction for weapons misconduct.  Id., Exh. B.

As a result of his weapons misconduct conviction, on June 13, 2001, Petitioner was found to have violated a term of the probation imposed for his 1996 conviction for trafficking in stolen property.  Id., Exh. D.  Petitioner's probation was revoked and Petitioner was sentenced to the presumptive term of 3.5 years imprisonment for this conviction, with credit for 188 days of presentence incarceration.  Id., Exh. D.  The sentences imposed in the two cases were imposed as consecutive sentences. Id., Exh. D at 9.

On June 18, 2001, Petitioner filed a timely notice of appeal with regard to both CR 2001-00119 and CR 1996-06242. Petitioner argued the evidence presented to the jury that he had been on probation at the time of the weapons offense was insufficient for the jury to find him guilty of being a prohibited possessor.  Id., Exh. F.  Petitioner also argued the jury had been improperly instructed on constructive possession of a weapon when there was insufficient evidence to suggest that Petitioner constructively possessed a weapon.  Id., Exh. F. With regard to the revocation of his probation in CR 1996-06242,

Petitioner asserted that the trial court's finding that Petitioner had violated his probation was not supported by sufficient evidence. Id., Exh. E.

The Arizona Court of Appeals consolidated Petitioner's appeals in CR 2001-00119 and CR 1996-06242. Id., Exh. G. The Court of Appeals affirmed Petitioner's conviction and sentence in CR 2001-00119 and affirmed the revocation of Petitioner's probation and the sentence imposed in CR 1996-06242 in a decision issued March 19, 2002. Id., Exh. G. Petitioner did not seek review of this decision by the Arizona Supreme Court.

On April 8, 2001, Petitioner filed a petition for post-conviction relief with regard to both CR 2001-00119 and CR 1996-06242. Id., Exh. H. Petitioner asserted he had been deprived of the effective assistance of counsel because his counsel failed to interview or call his girlfriend as a defense witness at his trial in CR 2001-00119. Id., H. Petitioner alleged the testimony of his girlfriend established his actual innocence of the crime of conviction. Id., Exh. H at 9. An affidavit attached to the petition asserted the girlfriend would have testified she was with Petitioner and his brother on October 1, 2000, prior to and after the time the police officer encountered them, and that she "never saw either Erick or Kenneth in possession of a gun at the park. I never saw any guns at all at the park. At the park, Erick did not have a gun in a holster on

-4-

his hip." Id., Exh. I at 2.[1]

The Arizona Superior Court conducted an evidentiary hearing regarding Petitioner's claims for post-conviction relief on November 14, 2003. Id., Exh. J. Petitioner testified at the evidentiary hearing that he had discussed calling his girlfriend as a witness with his counsel, who told Petitioner that, because Petitioner was at that time [after January 2001] facing charges for kidnapping the girlfriend, calling her as a witness would be "like a double-edged sword. That it could open up wounds on both sides. It wasn't really good to be calling her as a witness for my case cause I had other case pending." Id., Exh. J at 9, 12.[2]

Petitioner's girlfriend testified at the evidentiary hearing that, on October 1, 2000, she did not see Petitioner with a weapon, that his brother had a weapon but she did not know where on his person the weapon was located, and that Petitioner had a black cell phone inside of his pants on his hip, which could have been mistaken for a gun. Id., Exh. J at 21-22. The girlfriend testified she never discussed

---

[1] The Court notes that Kenneth, Petitioner's brother, testified that he had a gun on him in a holster at the picnic. Answer, Exh. F at 6.

[2] The kidnapping charge against Petitioner was dismissed without prejudice after he was convicted on the weapons misconduct charge; it appears Petitioner's girlfriend moved from the state of Arizona, and that the prosecution was unable to locate her prior to the time of Petitioner's trial for kidnapping. Answer, Exh. J. at 12-16, 27, 33. The girlfriend testified at the evidentiary hearing, conducted in November 2003, that she moved to Denver after the kidnapping incident, in the middle of April of 2001. Id., Exh. J. at 20, 28. Petitioner's weapons misconduct trial occurred in April of 2001.

1  Petitioner's case with his attorney.  Id., Exh. J at 22-23.

2    Petitioner's trial counsel testified at the evidentiary
3  hearing that he had spoken to Petitioner's girlfriend prior to
4  his trial.  Id., Exh. J at 34.  Counsel asserted he did not want
5  to put Petitioner's girlfriend on the witness stand in his
6  weapons misconduct case if that provided the government with the
7  opportunity to proceed with the kidnapping charge, which
8  otherwise was not being prosecuted because the government could
9  not locate the victim, i.e., Petitioner's girlfriend.  Id., Exh.
10  J. at 35.  Counsel also stated that the testimony of the
11  girlfriend would simply repeat what Petitioner's brother
12  testified to at trial, i.e., that Petitioner did not possess a
13  weapon on his person on October 1, 2000.  Id., Exh. J at 35-36,
14  38.  Counsel testified he had discussed with Petitioner the fact
15  that the government had strong evidence against him on the
16  kidnapping charge and that he faced less chance of conviction
17  and a lesser sentence with regard to the weapons charge.  Id.,
18  Exh. J at 37-38.  Petitioner's counsel filed a Supplemental
19  Memorandum regarding Petitioner's post-conviction proceedings on
20  January 22, 2004.  Id., Exh. L.

21    On April 15, 2004, the Arizona Superior Court denied
22  relief and dismissed the petition for post-conviction relief,
23  concluding Petitioner had not been denied the effective
24  assistance of counsel because the decision to refrain from
25  calling Petitioner's girlfriend as a witness was a strategic and
26  tactical decision by counsel to protect Petitioner from the
27  prosecution of a case wherein he was facing a more serious

28                 -6-

charge and, therefore, that counsel's decision was not error. <u>Id.</u>, Exh. L.  The Superior Court also determined that, even if counsel erred by failing to call this witness, the error was not prejudicial because any error did not effect the outcome of the trial.  <u>Id.</u>, Exh. L at 2.

Petitioner was allowed an extension of time, until June 10, 2004, to seek reconsideration of the trial court's decision or to file a pro per petition for review of the decision by the Arizona Court of Appeals.  <u>Id.</u>, Exh. M.  Petitioner signed his petition for review of the trial court's decision on June 8, 2004, and the petition for review was filed by the Court of Appeals on June 16, 2004.  <u>Id.</u>, Exh. N.

The Arizona Court of Appeals dismissed the petition as not timely filed on June 22, 2004.  <u>Id.</u>, Exh. O.[3]  In the order, the court counseled Petitioner to seek permission to file an untimely petition for review in the Arizona Superior Court.  <u>Id.</u> Petitioner sought reconsideration of this decision by the Arizona Court of Appeals, stating:

_____

[3] The order states:
The trial court extended the time for filing a timely petition for review to June 10, 2004.  The record reflects that the petition was not filed until June 2004.  (sic)  A petitioner who seeks appellate court review of the actions of the trial court must file a petition within 30 days after the final decision of the trial court. Whether petitioner was without fault for the untimely filing is a question of fact.  The trial court may, "after being presented with proper evidence, allow a late filing" if it finds that petitioner was not responsible for the untimely filing.
Answer, Exh. O.

> I filed a petition for review [] on the 8, of
> June 2004.  It was [dismissed] on June 22nd
> for not being filed on time.
> I put to see the paralegal two weeks before
> the June 8th, but was not able to get copies
> and to see the paralegal until June 8th.  I
> would like the court to consider this
> issues....

Id., Exh. P.  The Court of Appeals denied the motion without prejudice on July 1, 2004, again counseling Petitioner to file a motion in the trial court seeking permission to file a late petition for review due to circumstances beyond his control. Id., Exh. Q.

Petitioner asserts that he is entitled to federal habeas relief because he was deprived of his right to the effective assistance of counsel and because he is actually innocent of the charge against him, i.e., his weapons misconduct conviction.  Petitioner contends he was deprived of the effective assistance of counsel because his counsel failed to call his girlfriend as a defense witness at his trial in CR 2001-00119, and also asserts the testimony of his girlfriend establishes his actual innocence of the crime of conviction.

Respondents assert Petitioner procedurally defaulted his federal habeas claims by failing to properly exhaust these claims in the Arizona state courts.

**II Discussion**

**A.  Petitioner has procedurally defaulted his federal habeas claims.**

A state prisoner is required to "exhaust," in state court, the claims raised in his petition for federal habeas relief, before the Court must consider the merits of the

-8-

prisoner's application for relief. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 729-30, 111 S. Ct. 2546, 2554-55 (1991); <u>Castille v. Peoples</u>, 489 U.S. 346, 349, 109 S. Ct. 1056, 1059 (1989).[4]  To properly exhaust his claims in the state courts, the petitioner must afford the state the opportunity to rule upon the merits of each federal constitutional claim by presenting the claim to the state's "highest" court in a procedurally correct manner. <u>Castille</u>, 489 U.S. at 351, 109 S. Ct. at 1060; <u>Kim v. Villalobos</u>, 799 F.2d 1317, 1319 (9th Cir. 1986).  In 1999, the Ninth Circuit Court of Appeals concluded that, in Arizona, in the context of a petitioner who is not sentenced to death or life in prison, the "highest court" requirement is satisfied if the petitioner has presented his claims to the Arizona Court of Appeals, either on direct appeal or in a petition for post-conviction relief. <u>See</u> <u>Swoopes v. Sublett</u>, 196 F.3d 1008, 1010 (9th Cir. 1999). <u>See also</u> <u>Castillo v. McFadden</u>, 399 F.3d 993, 998 n.3 (9th Cir.), <u>cert.</u> <u>denied</u>, 126 S. Ct. 348 (2005).[5]

---

[4] Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief.  However, section 2254 now states: "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."  28 U.S.C. § 2254(b)(2) (1994 & Supp. 2005).

[5] Because it is not necessary to the resolution of the habeas petition, the Court will not address Respondents' assertion that <u>Swoopes</u> was effectively overruled by <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S. Ct. 1347, 1349 (2004).  In <u>Crook v. Arizona</u>, 2005 WL 3455110, *3 n.2 (D. Ariz.), J. Teilborg concluded:

> Respondents argue that <u>Baldwin v. Reese</u>, 541 U.S. 27, 124 S.Ct. 1347, [] (2004), overruled <u>Swoopes</u>.  However, in <u>Castillo v. Mcfadden</u>, 399 F.3d 993, 998 (9th Cir. 2005), the Ninth Circuit court directly quotes the applicable passage in

A federal habeas claim is procedurally defaulted if the petitioner did present the claim to the state courts, but the state courts did not address the merits of the claim because the petitioner failed to follow a state procedural rule. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 802, 111 S. Ct. 2590, 2594-95 (1991); Coleman, 501 U.S. at 727-28, 111 S. Ct. at 2553-57; Szabo v. Walls, 313 F.3d 392, 395 (7th Cir. 2002) ("A state is entitled to treat as forfeited a proposition that was not presented in the right court, in the right way, and at the right time--as state rules define those courts, ways, and times. Failure to comply with the state's procedural rules furnishes an independent and adequate state ground of decision that blocks federal collateral review."). "If a prisoner has defaulted a state claim by 'violating a state procedural rule which would constitute adequate and independent grounds to bar direct review ... he may not raise the claim in federal habeas, absent a showing of cause and prejudice or actual innocence.'" Wells v. Armenakis, 222 F.3d 627, 632 (9th Cir. 2000), quoting Wells v. Maass, 28 F.3d 1005, 1008 (9th Cir. 1994).

The state's procedural bar satisfies the exhaustion requirement and also provides an independent and adequate state-law basis for upholding a petitioner's convictions and sentences. See Franklin v. Johnson, 290 F.3d 1223, 1230-31 (9th Cir. 2002) ("... the procedural default rule barring

---

Swoopes, and mentions Baldwin in a different capacity. It is unclear whether Baldwin overrules Swoopes, and this Court declines to issue an opinion on the matter.

consideration of a federal claim applies only when a state court has been presented with the federal claim, but declined to reach the issue for procedural reasons"); Correll v. Stewart, 137 F.3d 1404, 1417 (9th Cir. 1998).    Therefore, the Court need not review the merits of a petitioner's procedurally defaulted claims unless he can demonstrate cause for his failure to follow reasonable state procedures for fair presentment of his claims and prejudice arising from his procedural default of the claims. See Gray, 518 U.S. at 161-62, 116 S. Ct. at 2080; Murray, 477 U.S. at 485, 106 S. Ct. at 2643.    See also Stewart v. Smith, 536 U.S. 856, 860-61, 122 S. Ct. 2578, 2581-82 (2002) (concluding that a state court's finding that a post-conviction claim was barred as waived, pursuant to Rule 32.2(a)(3), Arizona Rules of Criminal Procedure, was a decision independent of federal law and adequate to bar federal review of state prisoner's federal habeas claim on the merits).

Petitioner presented the claims stated in his federal habeas petition to the Arizona Superior Court in his action for post-conviction relief.    The Arizona Superior Court considered the merits of the claims, conducted an evidentiary hearing, and denied relief.    However, Petitioner did not properly exhaust his claims in the state courts because Petitioner did not fairly present these claims to the Arizona Court of Appeals in a timely-filed petition for review of the trial court's decision denying his petition for post-conviction relief, thereby presenting his claims to the state's "highest court" as required by the AEDPA.    The Arizona Court of Appeals concluded that

-11-

Petitioner had not complied with a state procedural rule and that Petitioner's recourse was to seek leave to file an untimely petition for review in the Arizona trial court, a remedy Petitioner did not pursue. Therefore, Petitioner has procedurally defaulted his federal habeas claims in the state courts.

**B. Petitioner has not shown cause for, nor prejudice arising from, his procedural default of his federal habeas claims.**

The Court should not review the merits of a habeas petitioner's procedurally defaulted claims unless he can demonstrate cause for his failure to follow reasonable state procedures for fair presentment of his claims and prejudice arising from his procedural default of the claims. See Gray, 518 U.S. at 161-62, 116 S. Ct. at 2080; Murray, 477 U.S. at 485, 106 S. Ct. at 2643.

"Cause" is a legitimate excuse for the petitioner's procedural default and "prejudice" is actual harm resulting from the alleged constitutional violation. See Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991). To demonstrate cause, a petitioner must show the existence of some external factor which impeded his efforts to comply with the state's procedural rules. See Martinez-Villareal v. Lewis, 80 F.3d 1301, 1305 (9th Cir. 1996). The Supreme Court has explained that "a showing that ... some interference by officials made compliance impracticable would constitute cause under this standard." Murray, 477 U.S. at 488, 106 S. Ct. at 2645. To establish prejudice, the petitioner must show that the alleged error "worked to his

-12-

actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 1595 (1982). See also Correll, 137 F.3d 1415-16.

Petitioner contends his petition for appellate court review of the trial court's denial of post-conviction relief was not timely because the state prison delayed his filing of the petition for review by delaying his access to a paralegal and copying services; Petitioner does not explicitly assert that prison authorities delayed mailing his pleadings.

Petitioner has arguably established cause for his failure to timely file his petition for review of the trial court's decision denying post-conviction relief in the Arizona Court of Appeals. Compare Maples v. Stegall, 340 F.3d 433, 439 (6th Cir. 2003) (concluding that prisoner had established cause for his procedural default of a habeas claim where prison officials delayed mailing the inmate's state pleadings for five days), and Ivy v. Caspari, 173 F.3d 1136, 1141 (8th Cir. 1999) ("It is the fact of nondelivery of a prisoner's timely and properly mailed motion, not the reason for that nondelivery, that constitutes cause for the procedural default."), with Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999), and Thomas v. Lewis, 945 F.2d 1119, 1123 (9th Cir. 1991) (concluding a petitioner's contention he was denied adequate law library facilities and access did not excuse his procedural default of his claims).

However, Petitioner has not established cause for his failure to petition the trial court for permission to seek untimely review of the decision denying post-conviction relief, as he was instructed to do by the Arizona Court of Appeals and, therefore, he has not established cause for his procedural default of the federal habeas claims raised in that state action. See High v. Ignacio, 408 F.3d 585, 590 (9th Cir. 2005); Hiivala, 195 F.3d at 1106 (concluding the petitioner had not presented sufficient evidence to support his contention that prison officials interfered with his access to the courts where the petitioner had access to an attorney, the address of the state appellate court and a completed petition for one month before the running of the statute of limitations).

Additionally, Petitioner has not established prejudice arising from his procedural default of his claims.  To establish prejudice, a petitioner must show that the errors stated in the defaulted claims worked to his actual and substantial disadvantage and infected his trial with constitutional error. See Frady, 456 U.S. at 170, 102 S. Ct. at 1595; Correll, 137 F.3d 1415-16..  Petitioner must prove that "but for" the alleged constitutional violations–his counsel was ineffective and his conviction despite his alleged factual innocence, there is a reasonable probability he would not have been convicted of the same crimes.   See Ivy, 173 F.3d at 1141.  Petitioner has not made this "but for" showing: as discussed, infra, Petitioner's counsel was not constitutionally ineffective and there was sufficient evidence on which the jury could conclude Petitioner

-14-

was guilty of the crime charged notwithstanding the testimony of Petitioner's brother contradicting the officer's testimony.  The Court concludes that Petitioner's trial was not infected with error of constitutional dimension and, therefore, Petitioner's procedural default of his claims may not be excused on the basis of cause and prejudice.

**C.   Petitioner has not established a fundamental miscarriage of justice sufficient to excuse his procedural default of his federal habeas claims.**

Review of the merits of procedurally defaulted habeas claims is also appropriate if the petitioner demonstrates review of the merits of his claims is necessary to prevent a fundamental miscarriage of justice.  See Schlup v. Delo, 513 U.S. 298, 327, 115 S. Ct. 851, 867 (1995); Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649.

A fundamental miscarriage of justice occurs only when a constitutional violation has probably resulted in the conviction of one who is actually innocent.  See Murray, 477 U.S. at 485-86, 106 S. Ct. at 2649; Thomas v. Goldsmith, 979 F.2d 746, 749 (9th Cir. 1992) (showing of factual innocence is necessary to trigger manifest injustice relief).  To satisfy the "fundamental miscarriage of justice" standard, Petitioner must establish by clear and convincing evidence that no reasonable juror could have found him guilty of the offense.  Schlup, 513 U.S. at 327, 115 S. Ct. at 867; Wildman v. Johnson, 261 F.3d 832, 842-43 (9th Cir. 2001).  Additionally, even if Petitioner asserts a claim of actual innocence as excusing his procedural

-15-

default of his claims, federal habeas relief may not be granted on this assertion absent a finding of an independent constitutional violation occurring in the state criminal proceedings. Dretke v. Haley, 541 U.S. 386, 393-94, 124 S. Ct. 1847, 1852 (2004); Herrera v. FULL CITE, 506 U.S. 390, 400-01, 113 S. Ct. 853, 860-61 (1993).

**D.   The merits of Petitioner's claims that his trial involved constitutional error.**

To state a claim for ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).   The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance.   See id., 466 U.S. at 687, 104 S. Ct. at 2064.

> To prevail on his ineffective assistance of counsel claim, [the defendant] must demonstrate that (i) counsel's performance was objectively deficient and (ii) counsel's deficiency prejudiced the defense, depriving petitioner of a fair trial with a reliable result.   See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).   To demonstrate constitutional deficiency, [the defendant] must show that counsel's performance was completely unreasonable, not simply wrong.   Similarly, to show unconstitutional prejudice, [the defendant] must demonstrate that but for counsel's errors, there is a reasonable probability that the result of the proceedings would have been different.   [The defendant] bears a heavy burden in that he must overcome the presumption that his counsel's actions were sound trial strategy,

in the context of his case.
Fox v. Ward, 200 F.3d 1286, 1295 (10th Cir.), cert. denied, 121 S. Ct. 329 (2000) (some internal citations omitted).  See also Allen v. Woodford, 395 F.3d 979, 1005 (9th Cir.), cert. denied, 126 S. Ct. 134 (2005).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065.  Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066.  Therefore, with respect to the performance prong of the relevant test, the reviewing court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, the identified acts or omissions were outside the wide range of professionally competent assistance. See Mancuso v. Olivarez, 292 F.3d 939, 954 (9th Cir. 2002).

> [C]ounsel's performance is deficient if he fails to either conduct a reasonable investigation or provide strategic reasons for not doing so.... Deficient performance alone, however, is not enough to render counsel's representation constitutionally ineffective.  [The petitioner] must also establish prejudice, by "show[ing] that there is a reasonable probability that, but for

1     counsel's unprofessional errors, the result
2     of the proceeding would have been different.
      A reasonable probability is a probability
3     sufficient to undermine confidence in the
      outcome."

4  <u>Turner v. Calderon</u>, 281 F.3d 851, 873 (9th Cir. 2002), <u>quoting</u>
5  <u>Strickland</u>, 466 U.S. at 694, 104 S. Ct. at 2068.

6          Petitioner has not shown the behavioral deficiency or
7  necessary prejudice, pursuant to <u>Strickland</u>, to be granted
8  habeas relief based on this claim or to have his procedural
9  default excused on the basis of actual innocence and
10 constitutional error. Petitioner asserts his trial counsel was
11 ineffective for failing to call Petitioner's girlfriend as a
12 witness in his defense; the evidence in the record indicates
13 that this was a strategic decision by counsel made after a
14 reasonable investigation of the relevant law and facts, which
15 is, therefore "virtually unchallengeable." Counsel's decision
16 not to provide the girlfriend's testimony at trial, at a time
17 when Petitioner faced charges of kidnapping this individual, was
18 not unreasonable and, therefore, Petitioner was not deprived of
19 his constitutional right to the effective assistance of counsel.

20         Petitioner asserts he is actually innocent of the
21 charges against him, i.e., that he was unconstitutionally
22 convicted of a crime he did not commit, and that his
23 girlfriend's testimony at his trial would have established his
24 actual innocence.

25         "[T]he Due Process Clause protects the accused against
26 conviction except upon proof beyond a reasonable doubt of every
27 fact necessary to constitute the crime with which he is

28                              -18-

charged." In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068,
1073 (1970). To determine whether sufficient evidence existed
to support a habeas petitioner's conviction, the Court must
decide if, "viewing the evidence in the light most favorable to
the prosecution, any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt."
Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789
(1979). See also McMillan v. Gomez, 19 F.3d 465, 468-469 (9th
Cir. 1994). The Court may presume a state court's conclusion
that the conviction was supported by the evidence is correct.
See Crow v. Eyman, 459 F.2d 24, 25 (9th Cir. 1972). Petitioner
bears the burden of proving that the record is so totally devoid
of evidentiary support for the challenged conviction as to
violate due process. Id. Circumstantial evidence is sufficient
to support a jury's guilty verdict. Jackson, 442 U.S. at 324-
325, 99 S. Ct. at 2792.

Petitioner has not established that the record is
totally devoid of evidentiary support for the challenged
conviction. Petitioner argues the testimony of his girlfriend
establishes his innocence, however, similar testimony by his
brother was insufficient for the jury to discount the officer's
testimony regarding Petitioner's proximity to the weapons and
his statement that he saw a weapon on Petitioner's person.
Additionally, the girlfriend's proffered testimony is not
internally consistent, i.e., her affidavit and her testimony at
the evidentiary hearing do not state the exact same testimony,
and it is reasonably likely that the jury would not have

-19-

believed her testimony. Additionally, given that she had alleged at that time that Petitioner had committed kidnapping, it is uncertain what testimony the girlfriend would have offered had she testified at Petitioner's weapons misconduct trial, notwithstanding her statements in her affidavit and at the evidentiary hearing regarding Petitioner's action for post-conviction relief. Therefore, Petitioner has not shown he was unconstitutionally convicted in an absence of evidence against him.

### III Conclusion

Petitioner failed to properly exhaust his federal habeas claims in the state courts by failing to seek review of his claims by the state's "highest court" in a procedurally correct manner. The Arizona Court of Appeals concluded that it could not review Petitioner's claims because of his failure to comply with a state procedural rule. Therefore, Petitioner has procedurally defaulted his federal habeas claims. Petitioner has arguably shown cause for his procedural default of his claims, but he has not shown prejudice arising from his default of his claims and, therefore, the merits of his claims need not be addressed. Furthermore, Petitioner has not established that his trial involved constitutional error or that he is factually innocent of the crimes of conviction and, therefore, he is not entitled to proceed notwithstanding his procedural default of his claims on the basis that a failure to review the merits of his claims would result in a fundamental miscarriage of justice.

1    **IT IS THEREFORE RECOMMENDED** that Mr. Rivera's Petition
2    for Writ of Habeas Corpus be **denied and dismissed with**
3    **prejudice**.

4

5    This recommendation is not an order that is immediately
6    appealable to the Ninth Circuit Court of Appeals.  Any notice of
7    appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate
8    Procedure, should not be filed until entry of the district
9    court's judgment.

10    Pursuant to Rule 72(b), Federal Rules of Civil
11   Procedure, the parties shall have ten (10) days from the date of
12   service of a copy of this recommendation within which to file
13   specific written objections with the Court.  Thereafter, the
14   parties have ten (10) days within which to file a response to
15   the objections.  Failure to timely file objections to any
16   factual or legal determinations of the Magistrate Judge will be
17   considered a waiver of a party's right to de novo appellate
18   consideration of the issues.  See United States v. Reyna-Tapia,
19   328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).  Failure to
20   timely file objections to any factual or legal determinations of
21   the Magistrate Judge will constitute a waiver of a party's right
22   to appellate review of the findings of fact and conclusions of
23   law in an order or judgment entered pursuant to the
24   recommendation of the Magistrate Judge.

25    DATED this 9th day of February, 2006.

26

27    _____
     Mark E. Aspey
     United States Magistrate Judge

28    -21-