1  **WO**                                                                                    -

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9  Erick Rivera,                        )   No. CV 05-1877-PHX-MHM (MEA)
                                        )
10           Petitioner,                )   **ORDER**
                                        )
11  vs.                                 )
                                        )
12                                      )
    Dora Schriro et al.,                )
13                                      )
             Respondents.               )
14                                      )
    _____ )

15

16          Petitioner has filed a pro se Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254

17  challenging his criminal conviction on a jury's guilty verdict on one count of misconduct

18  involving weapons entered in Maricopa County Superior Court, State of Arizona.  (Doc. 1).

19  Petitioner was sentenced to a term of ten years of imprisonment as a result of this conviction.

20  The matter was referred to Magistrate Judge Mark E. Aspey who has issued a Report and

21  Recommendation that recommends that the Petition should be denied and dismissed with

22  prejudice. (Doc.12).

23          Petitioner has filed a motion for extension of time to file reply to Respondents'

24  response and to the Report and Recommendation.  (Doc. 14).  The next day, Petitioner filed

25  an objection to the Report and Recommendation. (Doc. 13). Petitioner's motion for extension

26  of time (Doc. 14) is granted.

27  //

28  //

1

**STANDARD OF REVIEW**

2          The district court must review the Magistrate Judge's findings and recommendations

3   de novo if objection is made but not otherwise.  United States v. Reyna-Tapia, 328 F.3d 1114,

4   1121 (9th Cir. 2003)(en banc).  Pursuant to 28 U.S.C. § 636(b)(1)(C), "[a] judge of the court

5   shall make a de novo determination of those portions of the report or specified proposed

6   findings or recommendations to which objection is made".

7

**DISCUSSION**

8          The Court has considered the pleadings and documents of record in this case, including

9   Petitioner's objection to the Report and Recommendation.

10          At the trial on the weapons offense, the prosecution's evidence indicated that on

11   October 1, 2000, Petitioner and his brother Kenneth were apprehended by a Maricopa County

12   law enforcement officer on state trust land next to a vehicle that contained weapons in the

13   trunk.  The officer testified at trial that, prior to exiting his vehicle, he had seen a firearm on

14   Petitioner's person and that he believed that Petitioner had placed the weapon in the trunk of

15   the car prior to the time the officer approached the two men on foot.  Petitioner's conviction

16   on the weapons offense resulted in a finding that he had violated a term of his probation

17   imposed for his 1996 conviction for trafficking in stolen property.  Petitioner's probation was

18   revoked and he was sentenced to the presumptive term of 3.5 years of imprisonment, with

19   credit for time served in presentence incarceration.  The sentence imposed on the weapons

20   offense and the sentence imposed on the probation revocation were ordered to run

21   consecutively.

22          Petitioner filed a timely notice of appeal with respect to both cases and the cases were

23   consolidated by the Arizona Court of Appeals. Petitioner's conviction on the weapons offense

24   and his revocation were affirmed.   Petitioner did not seek review in the Arizona Supreme

25   Court.

26          On April 8, 2001, Petitioner filed a petition for post-conviction review in the Superior

27   Court of Maricopa County, State of Arizona, with regard to both cases.  Petitioner raised in

28

- 2 -

1   this petition a claim that trial counsel had provided ineffective assistance because counsel had

2   failed to interview Petitioner's girlfriend or call her as a defense witness at trial.  Petitioner

3   contended that his girlfriend would have established his actual innocence to the weapons

4   offense.  Petitioner submitted the affidavit of his girlfriend who stated that she was with

5   Petitioner and his brother on the day of the alleged crime and that she "never saw either Erick

6   or Kenneth in possession of a gun at the park."  Petitioner's brother had testified at the

7   criminal trial that he and family members were on a picnic when the police officer approached

8   them.  Petitioner's brother had testified that Petitioner did not know the weapons were in the

9   car, that the weapons did not belong to Petitioner, and that Petitioner had not had control over

10  nor handled the guns.

11         The Superior Court held an evidentiary hearing on Petitioner's claims for post-

12  conviction relief on November 14, 2003.  Petitioner testified that he had discussed calling his

13  girlfriend as a witness with defense counsel.  Defense counsel allegedly had told Petitioner

14  that because Petitioner at that time was facing charges for kidnapping the girlfriend, he

15  thought it would be "like a double-edge sword" and "not really good." Petitioner's girlfriend

16  testified at the hearing that she did not see Petitioner with a weapon that day, that Petitioner's

17  brother had a weapon but she did not know where it was located, and that Petitioner had a

18  black cell phone on his hip inside his pants.  The girlfriend denied discussing the case with

19  Petitioner's attorney.

20         Petitioner's attorney testified at the hearing that he had spoken with Petitioner's

21  girlfriend prior to trial but it is unclear whether the pending weapons charge was discussed.

22  Counsel stated that he did not want to put her on the stand as the kidnapping case was not

23  being prosecuted because the State could not locate the victim, i.e., the girlfriend.  Counsel

24  further stated that he discussed with Petitioner the strong evidence against him on the

25  kidnapping charge and that Petitioner faced less chance of conviction and a lesser sentence

26  on the weapons charge.  In addition, counsel stated that the girlfriend's testimony would

27  simply repeat the brother's testimony.  On April 15, 2004, the Superior Court denied the post-

28

1  conviction petition, finding that counsel had not been ineffective because counsel had made

2  a strategic and tactical decision not to call the girlfriend in light of the more serious

3  kidnapping charges that Petitioner faced. The Superior Court further found that Petitioner had

4  not shown resulting prejudice from the claimed omission.

5       Petitioner was allowed an extension of time, up to June 10, 2004, to seek

6  reconsideration of the Superior Court's ruling or to file a pro per petition for review in the

7  Arizona Court of Appeals.  Petitioner signed his petition for review on June 8, 2004 and the

8  petition was filed by the Court of Appeals on June 16, 2004.  The Arizona Court of Appeals

9  dismissed the petition as not timely on June 22, 2004.  The Court of Appeals stated in its

10  Order that whether the Petitioner had been without fault for the untimely filing was a question

11  of fact.  The Court of Appeals further stated that the trial court may, "after being presented

12  with proper evidence, allow a late filing" if it finds that petitioner was not responsible for the

13  untimely filing."  Rather than seeking permission for a late filing in the Superior Court,

14  Petitioner sought reconsideration in the Arizona Court of Appeals.  Petitioner stated in his

15  request for reconsideration that he had filed his petition for review on June 8, 2004.  The

16  Court of Appeals denied the motion without prejudice and again indicated to Petitioner to file

17  a motion in the trial court seeking permission to file a late petition for review due to

18  circumstances beyond his control.  Petitioner did not file a motion for permission to file a late

19  petition for review in the Superior Court.

20       Petitioner filed his federal habeas petition on June 22, 2005.  Petitioner has raised as

21  his ground of constitutional error that trial counsel was ineffective for not calling his girlfriend

22  as a defense witness.  Petitioner claims that he is actually innocent of the weapons charge and

23  that testimony from his girlfriend establishes his actual innocence.

24       The Court agrees with the recommendation of the Magistrate Judge that Petitioner

25  procedurally defaulted his federal habeas claim in the state courts.  The Arizona Court of

26  Appeals did not address the merits of the claim because Petitioner failed to follow a state

27  procedural rule.  Petitioner's recourse was to seek leave to file an untimely petition for review

28

- 4 -

1 in the state Superior Court but he failed to pursue this remedy. As the Magistrate Judge has

2 discussed, Petitioner's claim to the effect that state prison authorities delayed his filing

3 arguably has shown cause for the failure to timely file his petition in the Arizona Court of

4 Appeals seeking review of the Superior Court's ruling denying relief following the evidentiary

5 hearing. However, Petitioner has not shown cause for failing to file a motion in the Superior

6 Court for permission to seek untimely review as the Arizona Court of Appeals had indicated

7 was the proper course of action.

8          The Court further agrees with the recommendation of the Magistrate Judge that

9 Petitioner has not shown cause, resulting prejudice or that he is actually innocent. Petitioner's

10 counsel made a strategic and tactical decision not to call Petitioner's girlfriend as a defense

11 witness at trial. Moreover, her proposed testimony was consistent with that of Petitioner's

12 brother, that is, that she did not see Petitioner with a weapon. As pointed out by the

13 Magistrate Judge, her affidavit and her testimony at the evidentiary hearing were not entirely

14 consistent. Petitioner's girlfriend stated in her affidavit that Petitioner and his brother did not

15 have a gun at the park and that Petitioner had a cell phone on his hip. At the evidentiary

16 hearing, she testified that Kenneth had a gun and that Petitioner had a cell phone inside his

17 pants but she could not say if the phone was sticking out. Petitioner has not demonstrated a

18 claim of actual innocence based on reliable evidence that was not presented at trial. See

19 Casey v. Moore, 386 F.3d 896, 921 n.27 (9th Cir. 2004), cert. denied, 125 S.Ct. 2975 (2005).

20          The Court has considered Petitioner's objection to the Magistrate Judge's Report and

21 Recommendation. Petitioner states that counsel did not speak with his girlfriend prior to trial

22 and that the decision not to call her as a defense witness affected the outcome of the trial.

23 Petitioner reiterates his contention that he made efforts to file his petition for review of the

24 Superior Court's ruling in the Arizona Court of Appeals on June 8th but he essentially was

25 thwarted in his efforts at the prison.

26          Petitioner's counsel testified at the evidentiary hearing that he interviewed Petitioner's

27 girlfriend prior to trial. As discussed above, the girlfriend's testimony would have repeated

28

1  the testimony of Petitioner's brother.  Petitioner has not shown cause for not filing a request

2  for permission for untimely filing in the Arizona Superior Court.  Petitioner's objection is

3  overruled.

4        **Accordingly**,

5        **IT IS ORDERED** that Petitioner's motion for extension of time (Doc. 14) is granted.

6        **IT IS FURTHER ORDERED** that Petitioner's objection (Doc. 13) is overruled.

7        **IT IS FURTHER ORDERED** adopting the Magistrate Judge's Report and

8  Recommendation (Doc. 12) in its entirety as the Order of the Court.

9        **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus (Doc. 1)

10  is denied and dismissed with prejudice.

11        DATED this 20th day of September, 2006.

Mary H. Murguia
United States District Judge

- 6 -